UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL MAYO,
    Plaintiff,

vs.  07-1108

ILLINOIS DEPARTMENT OF CORRECTIONS, et al.
    Defendants.

### ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

The plaintiff, Michael Mayo, brings this action pursuant to 42 U.S.C.§1983 against five named defendants and four John Doe defendants alleging that his constitutional rights were violated at Hill Correctional Center. The identified defendants include the Illinois Department of Corrections, Director Roger Walker, Correctional Officer Gray, Field Service Representative S. Sanders and Counselor D. Moffett. The plaintiff says he is suing the defendants in their official capacities.

The plaintiff first alleges that the defendants violated his First and Fourteenth Amendment rights "to seek redress from the government." (Comp., p. 9) The plaintiff says he gave a grievance to Counselor Moffett on June 9, 2006. The plaintiff was then transferred to another prison, Logan Correctional Center, on June 13, 2006. However, the defendant failed to log, process and forward the plaintiff's grievance. The plaintiff says he has now lost his ability to file a grievance on the issue because the time period for filing a grievance has expired. The plaintiff alleges that Department of Corrections has a history of losing inmate grievances and failing to follow their own procedures.

The plaintiff has failed to state a violation of his Fourteenth Amendment due process rights. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedure does not, of itself, violate the constitution. *Maust v Headley,* 959 F.2d 644, 648 (7th Cir. 1992).

The plaintiff has also failed to state a violation of his First Amendment right of meaningful access to the courts. The court notes that under 42 U.S.C.§1997e(a) it states that a plaintiff may not bring a lawsuit concerning prison conditions "until such administrative remedies as are *available* are exhausted." 42 U.S.C.§1997e(a). "If a prison official is prohibiting an inmate,

1

through no fault of the inmate, from completing the grievance process, the grievance process is no longer *available* as contemplated under §1997e(a), and there is no barrier to filing suit in federal court."*Davis v Bard,* 2006 WL 2588023.

In addition, an inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. *Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996). The plaintiff has failed to state that he was unable to litigate any such claim. In fact, the grievance that the plaintiff says Defendant Moffett failed to process accused an officer of making offense, racist comments. Verbal insults do not rise to the level of a constitutional violation.

The plaintiff next clams that Defendants Sanders, Moffett, Gray, Jane Doe and John Doe violated his First, Eighth and Fourteenth Amendment rights when he was "forcibly" transferred to a more restrictive prison. The plaintiff alleges the transfer was in retaliation for past grievances filed by the plaintiff.  The plaintiff has adequately alleged a violation of his First Amendment rights based on his claim that he was retaliated against for filing grievances. However, the plaintiff has failed to state a violation of his Eighth or Fourteenth Amendment rights.

A transfer to a more restrictive prison is not cruel and unusual and does not deprive the plaintiff of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care or safety. *Higgason v Farley,* 83 F.3d 807, 809 (7th Cir. 1996) *quoting Rhodes v Chapman,* 452 U.S. 337, 347 (1981). In addition, there is no due process violation because transfers from one prison to another with a more adverse condition of confinement do not affect a recognized liberty interest. *Wilkerson v Austin,* 545 U.S. 209, 221-222 (2005).

Finally, the plaintiff claims the defendants conspired to deprive him of his constitutional rights.  The plaintiff alleges that Defendants Sanders, Gray, Jane Doe and John Doe conspired to transfer the plaintiff in retaliation for filing past grievances.(Comp., p. 14).  The plaintiff has adequately stated a conspiracy claim pursuant to §1983 for the purposes of notice pleading.

The court notes that the plaintiff has failed to articulate any claims against Defendants Roger Walker, John Doe #3 and John Doe #4. The court will dismiss these defendants.

In addition, the pro se plaintiff states he is suing the defendants in their official capacities. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v Michigan Department of State Police,* 491 U.S. 58, 71 ( 1989); *see also Wynn v Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages.)  Therefore, the court will dismiss any official capacity claims and the Illinois Department of Corrections as a defendant.  The plaintiff may proceed against the surviving defendants in their individual capacities only.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

  **a) Defendants Sanders, Moffett, Gray, Jane Doe #1 and John Doe#2 violated plaintiff's First Amendment rights when they transferred the plaintiff in retaliation for the plaintiff's past grievances.**

  **b) Defendants Sanders, Gray, Jane Doe#1 and John Doe#2 conspired to deprive the plaintiff of his constitutional rights.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The clerk of the court is directed to dismiss Defendants Illinois Department of Corrections, Roger Walker, John Doe #3 and John Doe #4.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4)  After the plaintiff satisfies any deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The plaintiff must identify the names and work addresses of his Doe defendants in order to effect service on them.  The Marshals cannot serve unidentified defendants.  If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have appeared, or, if those defendants do not provide an answer, a motion to compel with the court.  Failure to timely identify and serve the Doe defendants will result in their dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m).**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

  Entered this __11th__ Day of May, 2007.


      s\Harold A. Baker
      _____
        HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE